## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-21713-CIV-MARTINEZ/AOR

ECO BRANDS, LLC, a Delaware limited
liability company, derivatively by and through
its member MIDAS FINANCIAL GROUP,
LLC, a Delaware limited liability company,

      Plaintiff,

v.

ECO BRANDS, LLC, a Delaware limited liability
company, GIUSEPPE SINDONI, a foreign individual,
SINDONI NORTH AMERICA, LLC, a Delaware
limited liability company, KLAUS SYDOW,
an individual, RODRIGO VALLEJO, an individual,
ERICK SYDOW, an individual, SOROK, LLC, a
Delaware limited liability company,

      Defendants.

_____/

### REPORT AND RECOMMENDATION
### RE: MOTION TO DISMISS [D.E. 68, Part 1]

THIS CAUSE came before the Court upon Defendant Klaus Sydow ("Sydow") and Sorok, LLC's ("Sorok") (together "Sorok Defendants") Motion to Dismiss for Lack of Personal Jurisdiction (hereafter, "Motion to Dismiss") [D.E. 68, Part 1].[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 91]. The undersigned held a hearing on this matter, on September 23, 2020 [D.E. 95]. For the reasons stated below, the undersigned respectfully recommends that that the Sorok Defendants' Motion to Dismiss [D.E. 68, Part 1] be DENIED.

---

[1] The Sorok Defendants' Alternative Motion to Compel Arbitration [D.E. 68, Part 2] is addressed separately.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Eco Brands, LLC ("Plaintiff" or "Eco Brands"), a Delaware limited liability company, brings this action derivatively by and through its member Midas Financial Group, LLC ("Midas"), a Delaware limited liability company, against various defendants. See Am. Compl. [D.E. 47]

In its Amended Complaint, Plaintiff asserts the following claims against Defendants Sydow, Sorok, Sindoni North America, LLC ("SNA"), Rodrigo Vallejo ("Vallejo"), Erick Sydow ("E. Sydow"), and Giuseppe Sindoni (together "Defendants"):

- Count I - Violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, against Sydow, Vallejo, E. Sydow, and SNA;
- Count II - Tortious Interference with Advantageous Business Relationship, against all Defendants;
- Count III - Breach of Fiduciary Duty, against Sydow, Vallejo, and E. Sydow;
- Count IV - Civil Conspiracy, against Sydow, Vallejo, E. Sydow, and SNA;
- Count V - Constructive Fraud, against Sydow, Vallejo, and E. Sydow;
- Count VI - Breach of Implied Duty of Good Faith and Fair Dealing, against Sydow and Sorok;
- Count VII(a) - Fraudulent Inducement, against Sydow;
- Count VII(b) – Injunction, against Sydow and SNA;[2]
- Count IX – Accounting, against Sydow and SNA;
- Count X - Breach of Fiduciary Duty, against Sydow, E. Sydow and Vallejo;
- Count XI - Breach of Fiduciary Duty, against Sydow, E. Sydow and Vallejo;[3]
- Count XII - Breach of Operating Agreement, against Sydow, E. Sydow, and Vallejo;

---

[2] Two counts in the Amended Complaint are designated as Count VII and there is no Count VIII. Id. at 26-27.
[3] Counts X and XI vary in their allegations. Id. at 28-29.

2

- Count XIII - Usurpation of Company Opportunities, against Sydow and Sorok;

- Count XIV - Common Law Fraud, against Sydow;

- Count XV - Breach of Fiduciary Duty, against Vallejo and E. Sydow;

- Count XVI - Appointment of a Receiver, against SNA; and

- Count XVII - Violations of Florida's Uniform Trade Secrets Act (FUTSA), Fla. Stat. § 688.001, et. seq., against Sydow, Vallejo, E. Sydow, and SNA.

Id. at 18-35. [4]

In support of these claims, Plaintiff alleges that it is a Delaware limited liability company with its principal place of business located at 2665 South Bayshore Drive, Suite 810, Miami, Florida 33133. Id. at 5. Plaintiff further alleges that Midas holds a 45% interest in Eco Brands. Id. at 2. Plaintiff further alleges that, pursuant to a Master Distributor Agreement ("MDA") between Eco Brands and non-party Sindoni Group, Plaintiff was the exclusive distributor of Sindoni Group's name brand cookies in the United States, largely due to Midas being able to secure funding for Eco Brands. Id. at 6.[5] Plaintiff further alleges that Sydow, the manager of Eco Brands, individually and as the owner of Sorok, which holds the remaining interest in Eco Brands, conspired to steal the MDA by intentionally mismanaging Eco Brands to cause it to default on its financial obligations and breach the MDA. Id. at 6-8. Plaintiff further alleges that Sydow was approached by Sindoni Group, and Defendants formed a plan to create a new company, SNA, to distribute Sindoni Group's cookies in the United States using Eco Brands' network, thereby cutting out Midas and taking over Eco Brands' business. Id.

---

[4] Vallejo, E. Sydow, and Giuseppe Sindoni have not been served. Giuseppe Sindoni is the owner of SNA and non-party Sindoni Group, S.R.L ("Sindoni Group"). See Declaration of Jonathan Sanchez [D.E. 67-1 at 3-4].

[5] The parties to the MDA are Eco Brands and Sindoni Group. See MDA [D.E. 68-1 at 6]. The product that is the subject of the MDA is Sindoni Group's Pirucream brand cookies. Id. at 16.

In their Motion to Dismiss, filed on July 3, 2020, the Sorok Defendants argue that this Court cannot exert personal jurisdiction over them because they are non-resident defendants and Plaintiff's claims do not arise from their contacts with Florida. See Motion to Dismiss [D.E. 68, Part 1]. On July 20, 2020, Plaintiff filed its Response in Opposition to the Sorok Defendants' Motion to Dismiss (hereafter, "Response") [D.E. 79]. On July 30, 2020, the Sorok Defendants filed their Reply in Further Support of Their Motion to Dismiss and Incorporated Memorandum of Law (hereafter, "Reply") [D.E. 85].

## STANDARD OF REVIEW

Rule 12(b)(2) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Initially, the plaintiff must plead sufficient facts to establish a prima facie case in order to withstand such a motion to dismiss. Virgin Health Corp. v. Virgin Enters. Ltd., 393 F. App'x 623, 625 (11th Cir. 2010). If the defendant produces affidavits or other evidence that contradicts the plaintiff's prima facie case, the plaintiff must then offer affidavits or other competent proof and not just restate the facts in the complaint. Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000). All reasonable inferences should be construed in favor of the non-movant plaintiff. PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 810 (11th Cir. 2010).

A two-part test is applied to determine whether a court has personal jurisdiction over a nonresident defendant. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990). First, the court must consider whether the applicable state long-arm statute permits exercising personal jurisdiction over the defendant. Id. Florida's long-arm statute extends specific personal jurisdiction over nonresidents "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state," and "[c]ommitting a tortious act within this state."

Fla. Stat. § 48.193(1)(a)&(b). Moreover, Florida long-arm statute § 48.193(1)(b) "permits jurisdiction over a non-resident defendant who commits a tort outside of the state that causes injury inside the state." Elandia Int'l, Inc. v. Ah Koy, 690 F. Supp. 2d 1317, 1329 (S.D. Fla. 2010). The long-arm statute also extends general personal jurisdiction over defendants "engag[ing] in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." Fla. Stat. § 48.193(2).

Once the long-arm statute is met, the court must then determine if there are sufficient "minimum contacts" to satisfy the Due Process Clause of the Fourteenth Amendment. Cable/Home, 902 F.2d at 855; Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). So long as the actor's efforts are "purposefully directed" to citizens of another State, physical presence is not necessary to establish "minimum contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). Nevertheless, the contacts with the forum state must not be merely "fortuitous" or "random." Id. at 475.

## JURISDICTIONAL FACTS

In its Amended Complaint, Plaintiff makes the following jurisdictional allegations against the Sorok Defendants:

> Klaus Sydow is an individual who resides in Irving Texas and conducts substantial and not isolated business in the State of Florida. [Sydow] for several years would almost monthly engage in in person meetings in Florida and would transact and conduct his business operationally from Florida while he was away, although [Sydow] may reside in Texas, he conducts substantial business in Florida routinely. Klaus Sydow has sufficient minimum contacts and has purposely availed itself to the benefits of doing business in the State of Florida and having engaged in a conspiracy that have caused damages in the State of Florida. Furthermore, the Defendant has purposely directed activities within the State of Florida that this litigation stemmed from and Defendant could have reasonably anticipated that litigation would arise in Florida as a result of those activities.
>
> Sorok, LLC is a Delaware Limited liability company, wholly owned by

5

> [Sydow] who conducts substantial and not isolated business in the State of Florida. Sorok, LLC's whole purpose as an organization is to hold Eco for the benefits of [Sydow]. Sorok has sufficient minimum contacts and has purposely availed itself to the benefits of doing business in the State of Florida and having engaged in a conspiracy that have caused damages in the State of Florida. Furthermore, the Defendant has purposely directed activities within the State of Florida that this litigation stemmed from and Defendant could have reasonably anticipated that litigation would arise in Florida as a result of those activities.

See Am. Compl. [D.E. 47 at 3-5].

In support of their Motion to Dismiss, the Sorok Defendants filed the Declaration of Klaus D. Sydow (hereafter "Sydow Declaration") [D.E. 68-1]. Therein, Sydow avers: that he resides in Irving, Texas, and does not reside in Florida or own any property in Florida; that he, along with David Osio ("Mr. Osio") and Gonzalo Pacanins, created Eco Brands to distribute Sindoni Group food products; that he is the only owner of Sorok, LLC, a Delaware limited liability company, which engages in no other business than to hold his 55% ownership interest in Eco Brands; that he was in charge of marketing and sales for Eco Brands and served as manager of Eco Brands from its inception until he resigned on March 15, 2020; that he managed Eco Brands from an office in his home in Texas; that in 2016, Eco Brands and Sindoni Group executed the MDA; that during the time the MDA was in effect, he came to Miami, Florida approximately once a month for sales meetings; and that, after the MDA was terminated on December 31, 2019, he attended one meeting in Florida in January 2020, to discuss the winding down of Eco Brands. See Sydow Declaration [D.E. 68-1 at 2-3].

## DISCUSSION

The Sorok Defendants argue that this Court lacks personal jurisdiction over them because they are non-resident defendants and Plaintiff's claims for conspiracy, theft of trade secrets, and breach of fiduciary duty against them do not arise from Sydow's monthly meetings in Florida. See

Motion to Dismiss [D.E. 68 at 6]. Plaintiff responds that the Court has general personal jurisdiction over the Sorok Defendants pursuant to Fla. Stat. § 48.193(2) because they conduct substantial business in Florida routinely; as well as specific jurisdiction pursuant to Fla. Stat. § 48.193(1)(b) because they engaged in a conspiracy that included acts in Florida and caused Eco Brands to suffer harm in Florida. See Response [D.E. 79 at 7-9]. The parties agree that Sydow and Sorok share the same fate for purposes of personal jurisdiction. See Motions Hr'g Tr. 27:1-15 (September 30, 2020) [D.E. 96].

### A. *General Personal Jurisdiction*

As noted above, Florida's long-arm statute extends general personal jurisdiction over defendants "engag[ing] in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Plaintiff has made generalized allegations in this regard, which have been rebutted by Sydow's averment that he does not reside or own property in Florida, and that he has had no meaningful contact with Florida other than attendance at the ECO Brand monthly sales meetings. Based on Sydow's declaration, the undersigned concludes that the general jurisdiction provision of Florida's long-arm statute is not satisfied in this case.

### B. *Specific Personal Jurisdiction*

Also as noted above, Florida's long-arm statute extends specific personal jurisdiction over nonresidents for any cause of action arising from "[c]ommitting a tortious act within this state." Fla. Stat. § 48.193(1)(b). Plaintiff alleges that the Sorok Defendants engaged in a conspiracy to intentionally mismanage Eco Brands to cause it to breach the MDA, which resulted in damages to Eco Brand in Florida from the loss of its customers, revenue, sales team, and the distribution and logistics network that it had built in Florida. See Am. Compl. [D.E. 47 at 3, 5]. According to

Plaintiff, Eco Brands' warehouse, office, clients, and personnel were located in Florida, and Sydow participated in frequent telephonic, electronic, or written communications into Florida. See Response [D.E. 79 at 8]. Plaintiff further argues that Sydow's breach of fiduciary duty to Eco Brands occurred at meetings in Miami, where Midas first learned of Sydow's plans to form SNA and Sydow induced Midas to raise more capital even though Eco Brands was ceasing operations; and that Sydow attempted to register SNA to do business in Florida while he served as Eco Brands' manager. Id. at 9-10.

The Sorok Defendants counter that Plaintiff has not alleged any tort that occurred in Florida because Sydow's attendance at monthly meetings was not related to Plaintiff's claims for conspiracy, theft of trade secrets, or breach of fiduciary duty. See Motion to Dismiss [D.E. 68 at 6]. "[T]he appropriate inquiry is whether the tort as alleged occurred in Florida, and not whether the alleged tort actually occurred." Hard Candy, LLC v. Hard Candy Fitness, LLC, 106 F. Supp. 3d 1231, 1239 (S.D. Fla. 2015) (quoting Machtinger v. Inertial Airline Servs., Inc., 937 So.2d 730, 734 (Fla. 3d DCA 2006)). Because Plaintiff has alleged facts to support the claim that Sydow's breach of fiduciary duties occurred during the monthly meetings in Miami, Florida's long-arm statute extends specific personal jurisdiction over Sydow. Fla. Stat. § 48.193(1)(b).

Furthermore, even if Sydow's alleged breach of fiduciary duty did not occur during the meetings in Miami "[t]he Eleventh Circuit has consistently applied the broader construction of (1)(b) and found personal jurisdiction over someone who commits a tortious act outside the state that results in harm inside the state." Elandia Int'l, Inc., 690 F. Supp. 2d at 1329 (citing Posner, 178 F.3d at 1216). Here, Eco Brands' principal place of business is in Miami, Florida; therefore, the harm it claims to have suffered from the alleged intentional torts of its manager was suffered in Florida. See Stateline Power Corp. v. Kremer, 404 F. Supp. 2d 1373, 1378 (S.D. Fla. 2005)

(finding that a company suffers injury from an individual's breach of fiduciary duty wherever the company's principal place of business or place of incorporation is located)). See Elandia Int'l, Inc., 690 F. Supp. 2d at 1329.  Given that Sorok is a corporate entity which exists solely to hold Sydow's interest in Eco Brands, Sydow's actions also support the assertion of personal jurisdiction over the corporate entity.  Pepe (U.K.) Ltd. v. Grupo Pepe Ltd., No. 91-1821-CIV, 1992 WL 313098, at *4 (S.D. Fla. June 3, 1992).

The Sorok Defendants further contend that Plaintiff's conspiracy claim does not establish conspiracy-imputed specific jurisdiction over them because the discussions to form SNA, which form the basis of Plaintiff's conspiracy claim, took place in the Dominican Republic.  See Reply [D.E. 85 at 4-5]; see Motions Hr'g Tr. 10:13-20 [D.E. 96].  This argument is superfluous, given that Plaintiff has alleged that Sydow committed a tort in Florida, which subjects Sydow to personal jurisdiction and, by extension, Sorok.

### C. Minimum Contacts

Next, the undersigned addresses whether Sydow's conduct provides sufficient "minimum contacts" to satisfy the Due Process Clause of the Fourteenth Amendment.  Int'l Shoe, 326 U.S. at 316.  Sydow's monthly business meetings in Florida as Eco Brand's manager cannot be considered "fortuitous" or "random" such that he could not reasonably anticipate being hailed into court in Florida.  Burger King Corp., 471 U.S. at 475-76.  Where the defendant is alleged to have committed an intentional tort specifically aimed at a plaintiff who was injured in Florida, due process is satisfied under the "effects test" established by the Supreme Court in Calder v. Jones, 465 U.S. 783, 789–90 (1984).  See Licciardello v. Lovelady, 544 F.3d 1280, 1285-87 (11th Cir. 2008) (finding that the "effects test" provides that due process is satisfied when the plaintiff brings suit in the forum where the harm caused by the intentional tort occurred).  Because Plaintiff has

alleged that the Sorok Defendants engaged in intentional torts expressly aimed at Eco Brands, due process is satisfied when Plaintiff brings suit in Florida where the harm occurred. Id. Hence, the due process "minimum contacts" requirement is also met.

## CONCLUSION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that the Sorok Defendants' Motion to Dismiss [D.E. 68, Part 1] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 5th day of February, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
    Counsel of Record